UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Jesus Crispin PULIDO GARCIA,<br><br>Petitioner,<br><br>v.<br><br>JASON KINGHT, Field Office Director Of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement, KENNETH PORTER, Acting Director, of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, Acting U.S. Attorney General, MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>Respondents. | Case No. 1:26-cv-00499-DCN<br><br>**ORDER** |

Before the Court is Petitioner Garcia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2).

Garcia is a Mexican national who has lived in the United States since his entry without admission in 2000 when he was 18 years old. Garcia lives in California with his wife and four United States citizen children. He works for B & M Orchards and does agricultural field work and machinery mechanics throughout Idaho and California.

On or about July 7, 2026, Garcia was arrested in Idaho and later convicted of misdemeanor inattentive driving. He was sentenced to time served. Upon his release from

the Idaho state court proceedings, Garcia was taken into custody by DHS/ICE. Garcia is currently being held at the Elmore County Detention Center in Mountain Home, Idaho.

Garcia contends his continued detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

Having considered the Petition, the Court finds Garcia may be entitled to relief. The Court will, therefore, order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (court may adjust habeas procedures based on "equitable and prudential considerations").

All district judges in the District of Idaho have explained their disagreement with DHS's interpretation of § 1225. The District's collective analysis is consistent with the *majority* of courts throughout the Country.[1]

Importantly, the Ninth Circuit recently confirmed Respondents' interpretation of 8 U.S.C. § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Garcia who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

---

[1] While there are cases that have reached an opposite conclusion, the Court has explained why it disagrees with those decisions. *See, e.g.*, "Memorandum Decision and Order," Dkt. 11, Case No. 1:26-cv-00190-DCN. In any event, those opposing cases are not binding on this Court.

Accordingly, the Court anticipates granting Garcia's Petition and releasing him. However, the Court maintains that justice is best served by allowing the Government an opportunity to respond and explain why this case should result in a different outcome.

Again, however, the Court *does not need* extensive briefing on the interplay between § 1225 and § 1226. It knows the parties' positions. Thus, a statement or summary paragraph on that matter will suffice. The parties should, instead, focus their briefs on the specific facts of *this* case.

## ORDER

**IT IS ORDERED that:**

1. Respondents shall respond to the Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2) no later than **August 11, 2026**.

2. Petitioner shall have an opportunity to reply no later than **August 14, 2026**.

3. Service of the Petition, Motion for Temporary Restraining Order, and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by **August 6, 2026**, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorney's Office for the District of Idaho via email at USAID.HabeasPetitions@usdoj.gov. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of the Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of counsel.

DATED: August 5, 2026

David C. Nye
U.S. District Court Judge