UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

Jesus Crispin PULIDO GARCIA,

Petitioner,

v.

JASON KNIGHT, Field Office Director Of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement, KENNETH PORTER, Acting Director, of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, Acting U.S. Attorney General, MIKE HOLLINSHEAD, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00499-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Petitioner Jesus Garcia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Emergency Motion for Temporary Restraining Order ("TRO") (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 5. The Government opposes Garcia's Petition. Dkt. 9. Upon review, and for the reasons set forth below, the Court DENIES Garcia's Petition and denies the TRO as MOOT.

## II. BACKGROUND

Garcia is a Mexican national who has lived in the United States since his entry without admission in 2000 when he was 18 years old. Garcia lives in California with his wife and four United States citizen children. He works for B & M Orchards and does agricultural field work and machinery mechanics throughout Idaho and California.

On or about July 7, 2026, Garcia was arrested in Idaho and later convicted of misdemeanor inattentive driving. He was sentenced to time served.

On July 8, 2026, Enforcement and Removal Operations ("ERO") Boise contacted Garcia in the Owyhee County Jail in Muphy, Idaho. ERO determined Garcia did not have the proper paperwork to enter or remain in the United States legally and subsequently lodged a detainer with the Owyhee County Jail.

On July 30, 2026, the Ninth Circuit issued its decision in *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026). ICE subsequently received updated guidance about reassessing custody of detainees pursuant to the Ninth Circuit's decision.

On August 5, 2026, the Owyhee County Jail released Garcia to ERO pursuant to the ICE detainer. ERO transported Garcia to Boise for processing. Garcia was offered and accepted a voluntary departure under safeguards from the United States. Garcia was then transported to the Elmore County Jail in Mountain Home, Idaho, pending his departure from the United States.

Garcia then told ERO he did *not* wish to be voluntarily deported. Accordingly, ERO issued and served him with a Notice to Appear ("NTA") to see an immigration judge. ERO also determined Garcia presented a danger to the community based on his criminal history

and served him with Form I-286, Notice of Custody Determination, and explained to him his right to seek review by an immigration judge of that determination.

## III. DISCUSSION

The Court has addressed countless immigration-habeas petitions over the last year, all relating to the detention provisions at §§ 1226(a) and 1225(b)(2). Until recently, ICE treated every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they had lived in the United States. The Ninth Circuit has now definitively ruled that § 1226 applies to unadmitted aliens present in the interior of the country, while § 1225 applies to unadmitted aliens entering the United States at the border. *See Rodriguez Vazquez*, 2026 WL 2196424, at *26.

Garcia asserts he was initially detained under § 1225. And by all accounts he was, because that is how the Government viewed the detention of noncitizens at that time. The Government suggests Garcia's detention has essentially been converted into a § 1226 case at this point because ERO Boise has followed the procedures as outlined in *Rodriguez Vazquez*. Under the circumstances, the Court agrees.

To determine whether a due process violation occurred, the Court begins with the regulatory framework governing an alien's initial detention and custody determination under § 1226(a). The Immigration and Nationality Act authorizes the Government to arrest and detain an alien who is subject to removal from the United States. §§ 1226(a), 1357(a)(2). The regulations governing an alien's detention following arrest provide

different procedures depending on whether the arrest was made pursuant to a warrant.[1] A noncitizen detained without a warrant must receive an initial custody determination within 48 hours of arrest, absent an emergency or extraordinary circumstance. 8 C.F.R. § 287.3(d). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(d). If the alien is denied bond, or was arrested pursuant to a warrant, he can seek an individualized bond hearing before an immigration judge at any time before a final order of removal. *Id*.

Whatever the propriety of Garcia's initial detention under § 1225(b)(2)(A), the record establishes ICE has now made an initial custody determination and served Garcia with a Form I-286 and NTA.[2] It appears, however, this lawsuit halted those processes.

Garcia is entitled to the process due under the statute. As a noncitizen detained under § 1226(a), this includes the statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

In short, the Court finds it appropriate to remand this matter to ICE to allow the statutory process to proceed. If appropriate and desired, Garcia can request a bond hearing

[1] It is unclear whether Garcia was arrested with or without a warrant. Because Garcia does not challenge the actual arrest, the Court does not address it here.

[2] Even if the Court were to find an *initial* due process violation under the § 1225 framework, the remedy would simply be release. And once released, Garcia would presumably be re-arrested by ICE under § 1226. There is no reason to undertake such a process that will result in the same outcome—the need for a custody determination and potentially a bond hearing.

and, if necessary, appeal. However, because the administrative process has not concluded, the Court cannot find Garcia's Due Process rights have been violated.

If, after the administrative process concludes, Garcia feels his rights were violated, he retains the ability to file suit and seek review. But this case, based on these facts, has concluded.

## IV. ORDER

1. Garcia's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.
2. This case is remanded to ICE for further proceedings.
3. Garcia's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.
4. This case is CLOSED.

DATED: October 26, 2026

David C. Nye
U.S. District Court Judge